NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000541
04-OCT-2019
07:54 AM

NO. CAAP-15-0000541

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JOHN RAPP, Plaintiff-Appellee,
v.
THOMAS F. SCHMIDT and LORINNA J. SCHMIDT,
Defendants-Appellants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 94-0903)


MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Leonard and Chan, JJ.)


        This appeal arises out of post-judgment proceedings in
a civil action brought by Plaintiff/Counterclaim-Defendant/
Appellee John Rapp (Rapp) against Defendants/Counterclaim-
Plaintiffs/Appellants Thomas F. Schmidt and Lorinna J. Schmidt
(the Schmidts) for an alleged breach of contract.  The Schmidts
appeal from[1] the April 20, 2015 order granting a motion to
correct a clerical error in a prior order granting a motion to
extend judgments that had been entered against the Schmidts,
filed in the Circuit Court of the First Circuit (circuit court).[2]

---

        [1]      As discussed *infra* in footnote 8, in their Notice of Appeal, the
Schmidts purport to appeal from the July 8, 2015 order denying the Schmidts'
motion to vacate.  However, this appeal is correctly characterized as an appeal
from the April 20, 2015 order granting the motion to correct.

        [2]      The Honorable Karen T. Nakasone presided over the post-judgment
proceedings after September 8, 2014.

The Schmidts also challenge the July 8, 2015 order denying the Schmidts' motion to vacate the April 20, 2015 order.

## I.  BACKGROUND

On March 10, 1994, Rapp filed a civil complaint against the Schmidts for breach of contract, alleging that the Schmidts owed legal fees to Rapp.  The Schmidts asserted a counterclaim against Rapp for breach of contract, legal malpractice, and unfair and deceptive trade practices.  After the conclusion of a jury trial, on August 29, 1995, the circuit court[3] entered its Judgment on Special Verdict in favor of Rapp and against the Schmidts for $273,143.92.  The Judgment on Special Verdict dismissed the Schmidts' counterclaims.

The circuit court subsequently resolved Rapp's motions for prejudgment interest, attorneys' fees, and costs.  On October 23, 1995, the circuit court entered a Supplemental Judgment that additionally awarded Rapp prejudgment interest in the amount of $66,003.53, attorney's fees in the amount of $145,601.00, and costs in the amount of $5,028.74.

On November 13, 1995, the Schmidts appealed from the Supplemental Judgment.  On January 26, 1998, this court entered a summary disposition order that affirmed the substantive portion of the Supplemental Judgment, but vacated the portion awarding Rapp attorney's fees.  Rapp v. Schmidt, No. 19393 (Haw. App. Jan. 26, 1998) (SDO).  The case was remanded to the circuit court for redetermination of Rapp's award of attorney's fees.

On December 29, 2000, after remand, the circuit court[4] entered a post-judgment order that redetermined Rapp's award of attorney's fees.  On the same day, the circuit court entered an Amended Supplemental Judgment in light of the redetermined award of attorney's fees.

---

[3]     The Honorable Daniel G. Heely presided over the trial proceedings.

[4]     The Honorable Karen N. Blondin was assigned to this matter on February 28, 2000.

On February 18, 2000, notice was given that Turlington Corporation (Turlington) was assigned Rapp's rights in and to all judgments entered in the proceeding against the Schmidts.

On August 26, 2005, Turlington filed a motion to extend the earlier judgments for another ten years (Motion to Extend), pursuant to Hawaii Revised Statutes (HRS) § 657-5 (Supp. 2005). The Schmidts did not file a memorandum in opposition.

On September 27, 2005, the circuit court[5] held a hearing on the Motion to Extend. At the hearing, counsel for the Schmidts asserted that the judgments had already been paid and also requested a continuance of the hearing so that the Schmidts could file a motion for satisfaction of the judgments. The circuit court clarified that the issue before it was whether to grant the extensions and that the parties' dispute over whether the judgments have been paid was a separate issue. The circuit court opined that the issue of whether the judgments have been paid was a matter that could be resolved outside of a court hearing, "but if deemed necessary, the [circuit court would] have a hearing if you need one."

On March 13, 2006, the circuit court filed an order granting Turlington's Motion to Extend (Order Granting Motion to Extend). The circuit court ordered as follows:

> [P]ursuant to H.R.S. § 657-5, the life of the Judgment On Special Verdict in favor of Plaintiff John Rapp and against Defendants Thomas F. Schmidt and Lorinna J. Schmidt entered on [sic] in this action August 29, 1995 is extended for an additional ten (10) years from August 29, 1995 and that the life of the Supplemental Judgment in favor of Plaintiff John Rapp and against Defendants Thomas F. Schmidt and Lorinna J. Schmidt entered in this action on October 23, 1995, is extended for an additional ten (10) years from October 23, 1995.

On April 12, 2006, the Schmidts appealed from the Order Granting Motion to Extend. On August 29, 2008, this court entered a summary disposition order, affirming the Order Granting

---

[5] The Honorable Randal K.O. Lee was assigned to this matter on August 26, 2005, and presided over the proceedings pertaining to the Motion to Extend.

Motion to Extend, rejecting the Schmidts' points of error, and holding: (1) the Schmidts were provided adequate notice of the hearing on the Motion to Extend; (2) the circuit court did not abuse its discretion in denying the Schmidts' request for a continuance to show that the judgments were satisfied; and (3) the Schmidts failed to show that their due process rights were violated in this case. Rapp v. Schmidt, No. 27883, 2008 WL 4001189 (Haw. App. Aug. 29, 2008) (SDO). On November 20, 2008, this court entered judgment pursuant to the August 29, 2008 summary disposition order.

On September 8, 2014, Turlington filed an ex parte motion for a writ of execution, seeking to collect on the Judgment on Special Verdict and the Supplemental Judgment (the Rapp Judgments). On October 3, 2014, the circuit court[6] issued a Writ of Execution against three properties on Moloka'i owned by the Schmidts (Moloka'i Properties).

On January 14, 2015, Turlington filed a motion to correct a clerical error in the Order Granting Motion to Extend (Motion to Correct), pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 60(a). Turlington sought to amend the Order Granting Motion to Extend "to state that the life of the judgments entered on August 29, 1995 and October 23, 1995 are each extended for ten years from the tenth anniversary of said judgments instead of from the dates when the judgments were entered in 1995."

On January 23, 2015, Lorinna J. Schmidt filed an opposition to the Motion to Correct, asserting, inter alia, that Turlington was not entitled to relief under HRCP Rule 60(a), the Rapp Judgments had been paid, and that Turlington was not the true owner of the Rapp Judgments. Thomas F. Schmidt joined in the opposition to the Motion to Correct.

---

[6] The Honorable Karen T. Nakasone was assigned to this matter on September 8, 2014, and presided over the proceedings on remand following the Schmidts' appeal from the Order Granting Motion to Extend.

On April 20, 2015, the circuit court entered its order granting Turlington's Motion to Correct (Order Granting Motion to Correct).

On April 29, 2015, Lorinna J. Schmidt filed a motion seeking to vacate the Order Granting Motion to Correct and to enter satisfaction of the Rapp Judgments (Motion to Vacate). Lorinna J. Schmidt again asserted that the previous judgments had already been paid and satisfied and that "the record must be corrected to so establish that fact." The Motion to Vacate was brought pursuant to HRCP Rules 59 and 60(b)(3)-(6). Thomas F. Schmidt joined in the Motion to Vacate.

On June 24, 2015, the Schmidts filed a motion to stay the execution of the Rapp Judgments, cancel the proposed sale of the Moloka'i Properties, and permit the Schmidts to use the Moloka'i Properties as security in lieu of a regular supersedeas bond (Motion to Stay).

On July 8, 2015, the circuit court entered its order denying the Schmidts' Motion to Vacate (Order Denying Motion to Vacate).

On July 13, 2015, the circuit court held a hearing on the Schmidts' Motion to Stay, where it orally denied the motion based on Turlington's representation that the auction sale would be postponed until July 31, 2015. It appears no written order was filed.

On July 21, 2015, the Schmidts filed a notice of appeal, purportedly appealing the Order Denying Motion to Vacate, resulting in the instant appeal.[7]

---

[7] Although the Schmidts purport to appeal from the Order Denying Motion to Vacate, the appealable final post-judgment order is the April 20, 2015 Order Granting Motion to Correct. See HRS § 641-1(a) (2016) (authorizing appeals from final judgments, orders or decrees); Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) ("A post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." (citations omitted)). The Order Granting Motion to Correct adjudicated all the issues in Turlington's January 14, 2015 Motion to Correct and left no further issues from that post-judgment motion for any further adjudication. Lorinna J. Schmidt's April 29, 2015 Motion to Vacate extended the time period to appeal. See Hawai'i Rules of Appellate Procedure (HRAP) Rule

## II.  POINTS OF ERROR

On appeal, the Schmidts contend that the circuit court erred in: (1) denying the Motion to Vacate and refusing to enter a satisfaction of judgments against the Schmidts; (2) granting Turlington's Motion to Correct; and (3) refusing to stay execution on the Rapp Judgments.

## III.  STANDARDS OF REVIEW

"A circuit court's grant or denial of a motion to vacate is reviewed for abuse of discretion." Sierra Club v. Dep't of Trans., 120 Hawaiʻi 181, 197, 202 P.3d 1226, 1242 (2009) (citing Beneficial Hawaiʻi, Inc. v. Casey, 98 Hawaiʻi 159, 164, 45 P.3d 359, 364 (2002)).

"An appellate court reviews a circuit court's determination of an HRCP Rule 60 motion for an abuse of discretion." Buscher v. Boning, 114 Hawaiʻi 202, 211, 159 P.3d 814, 823 (2007) (citation and internal quotation marks omitted).

We review the circuit court's acceptance/denial of a judgment debtor's alternative security in lieu of a supersedeas bond in order to obtain a stay upon appeal for abuse of discretion. Shanghai Inv. Co., Inc. v. Alteka Co., Ltd., 92 Hawaiʻi 482, 504, 993 P.2d 516, 538 (2000), overruled on other grounds by Blair v. Ing, 96 Hawaiʻi 327, 31 P.3d 184 (2001); cf Midkiff v. de Bisschop, 58 Haw. 546, 550, 574 P.2d 128, 131 (1978) (per curiam) ("The determination of the amount of a supersedeas bond which will be sufficient to protect the rights of an appellee is committed to the sound discretion of the circuit court, but this discretion is not unlimited.").

---

4(a)(3). Thus, we characterize this appeal as one from the April 20, 2015 Order Granting Motion to Correct. Nonetheless, HRAP Rule 3(c)(2) provides that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal." The Schmidts' appeal from the April 20, 2015 Order Granting Motion to Correct "shall be deemed to appeal the disposition of all post judgment motions that are timely filed after entry of the judgment or order." HRAP Rule 4(a)(3). Accordingly, we also have appellate jurisdiction to review the July 8, 2015 Order Denying Motion to Vacate.

## IV. DISCUSSION

**A. The circuit court did not err in denying the Motion to Vacate but erred in failing to adequately resolve the Schmidts' request to enter a satisfaction of judgments.**

The Schmidts argue that the circuit court erred in denying their Motion to Vacate, through which they sought to vacate the Order Granting Motion to Correct. Thus, the question before us is whether the circuit court erred in declining to vacate its correction of an alleged error in the Order Granting Motion to Extend.

On appeal, the Schmidts mainly reiterate their arguments that the Judgment on Special Verdict and the Supplemental Judgment have already been paid and that Turlington is not the real party-in-interest to this matter. The Schmidts contend that these arguments render erroneous the circuit court's denial of the Motion to Vacate. These arguments, however, challenge the merits of the underlying Order Granting Motion to Extend, which this court has already affirmed in a previous appeal by the Schmidts. See Rapp v. Schmidt, No. 27883, 2008 WL 4001189 (Haw. App. Aug. 29, 2008) (SDO). To the extent that the Schmidts' arguments relate to the Order Granting Motion to Extend, such challenges are barred by the doctrine of res judicata and we decline to address these arguments. E. Sav. Bank, FSB v. Esteban, 129 Hawai'i 154, 158, 296 P.3d 1062, 1066 (2013) ("Res judicata . . . limit[s] a litigant to one opportunity to litigate aspects of the case to prevent inconsistent results and multiplicity of suits and to promote finality and judicial economy." (citing Dorrance v. Lee, 90 Hawai'i 143, 148-49, 976 P.2d 904, 909-10 (1999)).

To the extent that the Motion to Vacate also included a request for a satisfaction of judgments, the circuit court did not adequately explain its reasoning for denying the request. At the beginning of the hearing on the Motion to Vacate, the circuit court stated its inclination as follows:

> Let me state that the title of the motion, the motion actually doesn't even correctly state the order that it purports to vacate. It's an April 20, 2015 order granting motion to correct clerical error, and I think that that distinction and the accurate title of the actual order that this current motion is moving to vacate, that that distinction is very important, and that correction needs to be made very clear for the record.
>     And so my inclination is, for the reasons set forth in the opposition and also just because the order that was issued on April 20th was to correct clerical error. It was not as to the underlying judgment, and what this motion to vacate seeks to do is to vacate the underlying judgment, which in this Court's view appears to be procedurally and substantively improper and untimely.

At the conclusion of the hearing, the circuit court ruled: "I am going to incorporate the grounds stated in the Court's inclination and for the reasons set forth in the opposition, and the Court is going to respectfully deny the motion. I am not going to order mediation." The circuit court summarily denied the entire motion, which consisted of both a motion to vacate and a motion for entry of a satisfaction of judgments. The circuit court gave clear reasoning for declining to vacate the Order Granting Motion to Correct but did not articulate its position on the request for a satisfaction of judgments. The only extent to which the circuit court addressed the satisfaction of judgments was by referencing the reasons set forth in Turlington's opposition. Given the complex nature of the factual history of this case and the parties' inability to resolve the issue among themselves, the circuit court should consider and evaluate any evidence proffered by each party. We therefore remand this matter to the circuit court to conduct an evidentiary hearing to resolve the issue of whether the Rapp Judgments have been satisfied.

**B.    The circuit court did not err in granting the Motion to Correct because no substantive change was made.**

The Schmidts argue that the modification that Turlington sought to make to the Order Granting Motion to Extend was substantive in nature rather than a correction of a clerical mistake. The Schmidts thus argue that Turlington's Motion to

Correct should have been construed as an HRCP Rule 60(b)(1)[8] motion for relief from a mistake rather than an HRCP Rule 60(a)[9] motion to correct a clerical mistake.  Accordingly, the Schmidts argue, the Motion to Correct was untimely as it was not brought within a year after the Order Granting Motion to Extend was entered, as required by HRCP Rule 60(b).

The Hawai'i Supreme Court has stated:

Relief is not appropriate under Rule 60(a) "when the change is substantive in nature." Wright and Miller, Federal Practice and Procedure § 2854.  "A motion under Rule 60(a) . . . cannot be used to make the judgment or order say something other than what was originally pronounced." Id. (emphasis added); see also Davis v. Wholesale Motors, 86 Hawai'i 405, 416, 949 P.2d 1026, 1037 (App. 1997) (allowing modification of a judgment under HRCP Rule 60 because "the amended judgment did not make any substantive changes to the original judgment."). Consequently, "Rule 60(a) is not a vehicle for relitigating matters that already have been litigated and decided, nor to change what has been deliberately done." Id. (emphasis added); see also Donnelly v. Donnelly, 98 Hawai'i 280, 286, 47 P.3d 747, 753 (App. 2002) ("HFCR Rule 60(a) applies 'to situations in which a judgment clearly misrepresents what the court meant to state.'") (quoting 2 James Wm. Moore, Moore's Federal Practice § 60.11[1][c] (3d ed.)).

Thomas-Yukimura v. Yukimura, 130 Hawai'i 1, 7-8, 304 P.3d 1182, 1188-89 (2013) (footnote and brackets omitted).

---

[8] HRCP Rule 60(b)(1) provides:

**(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]

[9] HRCP Rule 60(a) provides:

**(a) Clerical mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

HRS § 657-5 provides:

> **§657-5 Domestic judgments and decrees.** Unless an extension is granted, every judgment and decree of any court of the State shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered. No action shall be commenced after the expiration of ten years from the date a judgment or decree was rendered or extended. No extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date the original judgment or decree was rendered. A court shall not extend any judgment or decree beyond twenty years from the date of the original judgment or decree. No extension shall be granted without notice and the filing of a non-hearing motion or a hearing motion to extend the life of the judgment or decree.

HRS § 657-5 provides a ten year interval for a judgment creditor to attempt collection of the judgment. If the judgment is not satisfied within ten years, and a timely extension is sought, the judgment creditor may extend or renew the judgment for an _additional_ ten year term -- i.e., the judgment may be extended for another ten year term following the expiration of the first ten years from the date the judgment was entered.

Here, the purpose of Turlington's Motion to Extend was to request that the Judgment on Special Verdict and Supplemental Judgment be "renewed and extended for an additional ten years as expressly authorized by H.R.S. § 657-5[.]" Thus, Turlington was clearly requesting an _extension_ of the Rapp Judgments for an additional ten year term following the expiration of the first ten years from the date the Rapp Judgments were entered. The circuit court's Order Granting Motion to Extend cited HRS § 657-5 and provided that the Rapp Judgments were "extended" for an additional ten years from the date the Rapp Judgments were entered. Although the Order Granting Motion to Extend captured the circuit court's intent to extend the Rapp Judgments, Turlington's requested corrections provided a helpful clarification. Accordingly, because the modifications were not substantive in nature, Turlington's Motion to Correct was properly brought as a timely HRCP Rule 60(a) motion to correct a

10

clerical error[10] and the circuit court did not err in granting the motion to correct and clarify the dates from which the Rapp Judgments were being extended.

**C.** **The circuit court did not abuse its discretion in denying the Schmidts' request to stay execution of the Rapp Judgments.**

The Schmidts contend that the circuit court erred in declining the Schmidts' request to use the Moloka'i Properties as alternative security in lieu of a supersedeas bond in order to stay execution of the Rapp Judgments and also erred in allowing Turlington to proceed with the sale of the Moloka'i Properties.[11]

Pursuant to HRS § 641-3(d) (2016)[12] and HRCP Rule 62(d)[13], a party appealing a judgment may obtain a stay of its

---

[10]      To the extent the Schmidts also assert that the clerical error was committed by Turlington's counsel in drafting the order, this does not preclude relief under HRCP Rule 60(a). "The mistake correctable under [Federal Rules of Civil Procedure 60(a)] need not be committed by the clerk or the court; the rule may be utilized to correct mistakes by the parties as well." 11 Charles Alan Wright et al., Federal Practice and Procedure § 2854, at 301 (3d ed. 2012).

[11]      We note that no sale of the Moloka'i Properties occurred prior to the filing of this appeal. At the July 13, 2015 hearing on the Motion to Stay, the circuit court rejected the Schmidts' request to stay the execution on the Rapp Judgments but instructed Turlington to postpone the sale of the Moloka'i properties until July 31, 2015. The Notice of Appeal was filed July 21, 2015. Based on the record, on July 30, 2015, Thomas F. Schmidt filed a notice of bankruptcy and automatic stay, effectively preventing the sale of the Moloka'i Properties scheduled for July 31, 2015. On February 17, 2016, the Schmidts notified this court that Thomas F. Schmidt's bankruptcy case had been dismissed and the automatic stay lifted. It is unclear from the record whether Turlington conducted a sale of the Moloka'i Properties subsequent to the termination of the bankruptcy stay.

[12]      HRS §641-3(d) provides:

>        [§641-3]   **Stay of proceedings to enforce a judgment.**
>        . . . .
>        (d)   When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

[13]      HRCP Rule 62(d) provides:

>        (d) **Stay Upon Appeal.** When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing

enforcement upon posting a supersedeas bond approved by the trial court. A judgment debtor may provide alternative security in lieu of a supersedeas bond. Shanghai Inv. Co., Inc., 92 Hawai'i at 503-04, 993 P.2d at 537-38. "The burden to provide a secure alternative rests on the judgment debtor." Id. at 503, 993 P.2d at 537 (citing Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979)). In that respect, the Hawai'i Supreme Court has adopted the approach taken by the Fifth Circuit in Poplar Grove:

> if a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond. Contrariwise, if the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor.

Id. at 503-04, 993 P.2d at 537-38 (brackets omitted) (quoting Poplar Grove, 600 F.2d at 1191 (citations omitted)).

In Shanghai Investment Company, Inc., the supreme court held that trial courts have the discretion to accept alternative security in lieu of a security bond to stay proceedings pending appeal. Id. at 504, 993 P.2d at 538. In that case, the alternative security was a judgment lien on real property with a tax-assessed value of $15 million (approximately three times the value of the judgment) and $100,000 in a court-supervised interest-bearing account. Id. The supreme court held that, with this alternative security, the judgment debtor "demonstrated that it had the financial strength to proficiently respond to a money judgment and that the same financial strength and ability to respond will remain undiluted during appeal," and affirmed the

the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

trial court's allowance of the alternative security.  Id.
(quotation marks and brackets omitted).

In this case, the Schmidts sought to use the Moloka'i
Properties as alternative security in lieu of a supersedeas bond.
The Moloka'i Properties had a total tax-assessed value of
$459,000.  The Schmidts argued, without any supporting evidence,
that the properties were worth "at least $600,000" and should
serve as adequate security.  In opposition to the Motion to Stay,
Turlington asserted that at the time, the outstanding balance on
the Rapp Judgments was approximately $689,000.  The Schmidts
disagreed with Turlington as to the outstanding balance on the
Rapp Judgments and argued, again without supporting evidence,
that the "actual value of the judgments could not exceed $700,000
to $800,000 while the case is on appeal" and that "in reality
there is nothing due Turlington on the judgments."  The Schmidts
solely relied on the Moloka'i Properties to serve as alternative
security for a supersedeas bond and did not offer any other form
of adequate security.

On this record, we conclude that the Schmidts did not
meet their burden to demonstrate that they had the financial
ability to easily respond to a money judgment and maintain the
same degree of solvency during the period of an appeal.
Accordingly, the circuit court did not abuse its discretion in
declining to stay the execution of the Rapp Judgments.

## V.   CONCLUSION

For the foregoing reasons, we affirm the April 20, 2015 Order Granting Motion to Correct in its entirety and the July 8, 2015 Order Denying Motion to Vacate in part.  We vacate the portion of the July 8, 2015 Order Denying Motion to Vacate to the extent that it denied the Schmidts' request for a satisfaction of judgments and we remand this matter for further proceedings on that issue consistent with this opinion.

DATED:   Honolulu, Hawai'i, October 4, 2019.


On the briefs:

R. Steven Geshell,
and Thomas P. Dunn,
for Defendants-Appellants.

Jerry A. Ruthruff,
for Turlington Corp., as
Assignee for Plaintiff-
Appellee.

Chief Judge

Associate Judge

Associate Judge